DAVID P. BEITCHMAN, SBN 198953
dbeitchman@bzlegal.com
TODD E. CHVAT, SBN 238282
tchvat@bzlegal.com
**BEITCHMAN & ZEKIAN, P.C.**
510 WEST 6TH STREET, PH 1220
LOS ANGELES, CALIFORNIA 90014
TELEPHONE: (213) 488-1115
FACSIMILE:  (213) 488-1176

Attorneys for Defendant J. JULIANO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS, LLC., a Delaware Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> J. JULIANO, an unknown business entity dba DKNY MELROSE; MELEE 17, INC., a California Corporation; JAY CHOI, an individual; MAYA JEWELRY IMPORTS, INC., a California Corporation; ART JEWELRY, an unknown business entity; and Does 1-10, inclusive, <br><br> Defendants. | Case No. CV08-03328 VBF (FFMx) <br><br> **DEFENDANT J. JULIANO'S ANSWER TO PLAINTIFF'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant J. JULIANO, a General Partnership (hereinafter "DEFENDANT"), hereby responds to Plaintiff's Complaint as follows:

1. DEFENDANT admits that this Court has subject matter jurisdiction over Federal copyright and trademark causes of action.

2. DEFENDANT admits that the Court has personal jurisdiction of DEFENDANT.

3. DEFENDANT admits that venue is proper in this District and denies all other allegations contained in this paragraph.

4. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

5. DEFENDANT, a general partnership, admits that its principal place of business is 7550 Melrose Avenue in the city of Los Angeles, California and denies all other allegations contained in this paragraph and demands strict proof thereof.

6. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

7. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

8. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

9. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

10. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

11. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

12. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph with regard to the other named defendants. With regard to this answering DEFENDANT in particular, the truth of the allegations contained in this paragraph are denied and DEFENDANT demands strict proof thereof.

13. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

14. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

15. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

16. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

17. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

18. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

19. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

20. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

21. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof

22. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

23. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

24. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

25. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

26. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

27. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

28. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

29. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

30. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

31. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

32. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

33. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

34. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

35. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

36. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

37. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

38. DEFENDANT incorporates by this reference each and every response set forth above to paragraphs 1 through 37, inclusive, as though fully set forth herein.

39. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

40. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

41. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

42. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

43. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

44. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

45. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

46. DEFENDANT incorporates by this reference each and every response set forth above to paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

48. DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

49. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

50. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

51. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

52. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

53. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

54. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

1  55.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

56.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

57.  DEFENDANT incorporates by this reference each and every response set forth above to paragraphs 1 through 56, inclusive, as though fully set forth herein.

58.  DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

59.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

60.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

61.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

62.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

63.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

64.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

65.  DEFENDANT incorporates by this reference each and every response set forth above to paragraphs 1 through 64, inclusive, as though fully set forth herein.

66.  DEFENDANT lacks sufficient information and/or knowledge to admit or deny the allegations contained in this paragraph and demands strict proof thereof.

67.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

68.  DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

69. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

70. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

71. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

72. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

73. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

74. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

75. DEFENDANT incorporates by this reference each and every response set forth above to paragraphs 1 through 74, inclusive, as though fully set forth herein.

76. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

77. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

78. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

79. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

80. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

81. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

82. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

83. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

84. DEFENDANT incorporates by this reference each and every response set forth above to paragraphs 1 through 83, inclusive, as though fully set forth herein.

85. DEFENDANT denies the truth of the allegations contained in this paragraph and demands strict proof thereof.

WHEREFORE, DEFENDANT prays that Plaintiff take nothing upon trial and that DEFENDANT be awarded its costs and attorney's fees and/or such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT
## AND TO EACH ALLEGED CLAIM FOR RELIEF STATED THEREIN

As separate affirmative defenses to the Complaint, and to each purported cause of action asserted therein, DEFENDANT alleges:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim for Relief)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's Complaint, and each purported Claim for Relief therein, fails to state sufficient facts to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate)

Plaintiff has failed to take adequate steps to minimize, alter, reduce or otherwise diminish its damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiff is barred from the recovery of damages.

### THIRD AFFIRMATIVE DEFENSE
(Uncertainty)

The Complaint and each purported Claim for Relief asserted therein are uncertain.

## FOURTH AFFIRMATIVE DEFENSE
(Estoppel)

DEFENDANT is informed and believes and thereon alleges that Plaintiff is, by its own conduct and omissions, barred from asserting any claims or damages or from seeking other relief from DEFENDANT by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE
(Laches)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
(Waiver)

DEFENDANT is informed and believes and thereon alleges that Plaintiff, by its actions and/or omissions, knowingly, voluntarily and willingly waived any rights it might otherwise have by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE
(Unclean Hands)

DEFENDANT is informed and believes and thereon alleges that by virtue of Plaintiff's unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff should be barred from recovering against DEFENDANT by the equitable doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
(Invalid and Unenforceable Trademarks and Copyrights)

DEFENDANT is informed and believes and thereon alleges that the Trademarks and Copyrights alleged to exist in the Complaint are invalid and/or unenforceable.

## TENTH AFFIRMATIVE DEFENSE

(Generic Trademarks and/or Copyrights)

DEFENDANT is informed and believes and thereon alleges that the Trademarks and/or Copyrights it has allegedly infringed in the Complaint are invalid, unenforceable and/or incapable of protection since said Trademarks and/or Copyrights are merely generic, uncreative and unoriginal designs which have been in existence in the marketplace long before Plaintiff's inception.

## ELEVENTH AFFIRMATIVE DEFENSE

(Privilege)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's claims are barred or limited, in whole or in part, because DEFENDANT has not engaged in any unlawful or unfair business practices, and DEFENDANT's conduct was proper and performed under the competition privilege.

## TWELFTH AFFIRMATIVE DEFENSE

(No Infringement)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's claims are barred or limited, in whole or in part, because DEFENDANT has not engaged in any unlawful or unfair conduct and has not copied and/or used any of Plaintiff's alleged Trademarks and/or Copyrights.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Distinctiveness/Secondary Meaning)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's claims are barred or limited, in whole or in part, because the alleged marks are not inherently distinctive and have not become distinctive in that purchasers do not associate the alleged marks with the Plaintiff alone.

/ / /

/ / /

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE
(Fair Use)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's claims are barred or limited, in whole or in part, because DEFENDANT's use of the Trademarks and/or Copyrights, if any, was a fair use.

## FIFTEENTH AFFIRMATIVE DEFENSE
(Mootness)

DEFENDANT is informed and believes, and on that ground alleges that each and every claim asserted by the Plaintiff is moot because DEFENDANT is not advertising, reproducing, distributing, offering for sale or otherwise selling any goods or services which use the purported Trademarks and/or Copyrights.

## SIXTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

DEFENDANT's conduct was at all times undertaken in good faith and without any knowledge or intent to infringe Plaintiff's purported Trademarks and/or Copyrights.

## SEVENTEENTH AFFIRMATIVE DEFENSE
(Conduct Not Fraudulent)

DEFENDANT is informed and believes and thereon alleges that its business practices are not "fraudulent" within the meaning of the Lanham Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE
(Plaintiff Lacks Standing)

DEFENDANT is informed and believes and thereon alleges that, as to each and every Claim for Relief or purported Claim for Relief contained in the Complaint, Plaintiff lacks standing to bring and maintain this action.

## NINETEENTH AFFIRMATIVE DEFENSE
(Adequate Remedy at Law)

DEFENDANT is informed and believes and thereon alleges that Plaintiff is not entitled to equitable relief because Plaintiff has an adequate remedy at law.

## TWENTIETH AFFIRMATIVE DEFENSE
(No Legal Causation)

DEFENDANT is informed and believes and thereon alleges that at all times mentioned in Plaintiff's Complaint, DEFENDANT's acts were not a legal cause of damages, if any, to Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
(Damages Cannot be Determined)

DEFENDANT is informed and believes and thereon alleges that the damages, if any, of Plaintiff, are speculative, uncertain and not capable of being determined by a finder of fact.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
(Failure to State Facts Sufficient for Damages)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's Complaint fails to state facts sufficient to support an award of damages for attorneys' fees, expert witness fees and any other litigation fees, costs, and expenses as against this Answering DEFENDANT.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
(Failure to Join a Necessary Party)

DEFENDANT is informed and believes and thereon alleges that Plaintiff's Complaint fails to join a party or parties necessary for just adjudication of this action as required by Fed. R. Civ. P. 19.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
(Reservation of Additional Affirmative Defenses)

DEFENDANT is informed and believes and thereon alleges that they may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize its claims with regard to this answering DEFENDANT and failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiffs alleges that DEFENDANT may have some responsibility.

DEFENDANT therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of any other pertinent information.

WHEREFORE, DEFENDANT prays for judgment as follows:

1. That Plaintiff takes nothing by way of its Complaint and that the Complaint be dismissed with prejudice;
2. That judgment be entered in favor of DEFENDANT and against Plaintiff;
3. For such other relief as the Court may deem just and proper.

DATED: September 18, 2008

BEITCHMAN & ZEKIAN, P.C.

/s/ Todd E. Chvat
Todd E. Chvat,
Attorneys for DEFENDANT
J. JULIANO, a General Partnership

## Proof of Service

I, the undersigned, declare and say as follows:

I am 18 years of age or older, employed at the business noted above my signature which is in the county where any mailing herein stated occurred, and not a party to the within action.

On September 18, 2008, I caused to be served the document(s) listed below my signature under the heading "Document(s) Served" by placing a copy of the document(s) (or the original, if so noted below) in individual envelopes for each of the parties listed below my signature under the heading "Parties Served" (except for fax-only service), addressed to them at their last known addresses in this action exactly as shown (excepting parenthetical references to their capacity), there being U.S. Mail delivery service to those addresses used for service by mail, and by sealing said envelopes, and on the same day, as marked with "X," by --

[ X ] **placing** each envelope **for collection and processing for mailing** following my firm's ordinary business practice with which I am readily familiar and under which on the same day correspondence is so placed for mailing it is deposited in the ordinary course of business with the U.S. Postal Service at my business address, 1st-class postage fully prepaid.

[ ] **faxing** each page of each document and this proof of service to the parties served at their last known fax numbers as listed below from a fax machine located at my business address which reported no errors and which produced a transmission confirmation report, a true copy of which is attached hereto. [use only if fax service authorized or as a supplement.]

[ _ ] **depositing** each envelope **into the U.S. mail** with 1st-class postage fully prepaid at a mail box or collection facility in the city and state of my business address. "Parties Served" lists all parties and counsel served in the within matter, and their respective capacities. [required for federal cases, **including bankruptcy**, among others]

[ _ ] depositing each envelope at a drop box or other facility in the city and state of my business address within the time and pursuant to procedures readily familiar to me necessary for delivery [ ] **by Federal Express** on the morning of the next business day or [ ] **by courier** on the same day. [use only if overnight or courier service authorized or as a supplement.]

[ _ ] **personal delivery** by [ ] traveling to the address shown on the envelope and delivering it there during normal business hours or [ ] handing the documents to the person served.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed on September 18, 2008, at my business address, 510 West 6th Street, Suite 1220, Los Angeles, California 90014, in the County of Los Angeles.

Sylvia Mesropyan

### Document(s) Served (exact title)

**DEFENDANT J. JULIANO'S ANSWER TO PLAINTIFF'S COMPLAINT**

### Parties Served (exact envelope address)

| | |
|---|---|
| Brent H. Blakely, Esq. | Bradley S. Sandler, Esq. |
| Cindy Chan, Esq. | LAW OFFICES OF BRADLEY S. SANDLER |
| BLAKELY LAW GROUP | 433 North Camden Drive, Fourth Floor |
| 915 North Citrus Avenue | Beverly Hills, CA 90210 |
| Hollywood, CA 90038 | |